The opinion of the-court was delivered by
Tilghman, C. J.
The plaintiff is sometimes permitted to prove collateral matters, such as the loss of a paper, and the search that has been made for it. Evidence of this kind is generally given to the court, as a foundation for the introduction of secondary evidence. But here, the receipt had been read to the jury, and Lodge’s testimony was offered in chief, in contradiction to what had been sworn by one of the defendants’ witnesses. This is against all principle. There was none of that necessity, which in most cases, is the reason for admitting the testimony of a party to the suit. If the court, before the paper went to the jury, had required evidence of the place where it had been found, the plaintiff might have been examined, because, if he was the finder, he would have been the only person who could prove where it was found. But he was offered under different circumstances, and his testimony was properly rejected.
There was another exception taken by the counsel for plaintiffs. The defendants endeavoured to prove, that the receipt in the name of Reuben Haines, was forged by a certain William Shaw, deceased. For that purpose, they produced several papers, which they proved to be of Shaw’s writing, and then proposed to ask of their witness, Israel Pleasants, whether, in his opinion, the receipt, and the papers proved to have been written by Shaw, were of the same handwriting. The plaintiffs objected to this question, but the court pérmitted it. Mr. Pleasants had been a man of business, and for many years president of an insurance company in Philadelphia. The evidence was admitted, on the ground of his being an expert in the examination of writings. This was giving very great weight to matter of opinion — greater, ! think, than it is entitled to. The *336 witness did not pretend to know any thing of the writing, either of Shaw or Haines. Evidence has been received in some counts, of the opinion of a man, (a clerk in the post office,) who had been for sometime employed in the business of detecting forgeries, whether a certain writing, shown to him, was in a natural or an imitated hand. This was going full far enough; and it has not been thought necessary, or safe, to go further. But even on the principle which led to the admission of the opinion of the clerk of the post office, Mr. Pleasants’ testimony ought to have been rejected, because, he declared, that though much conversant with writings, he had never been employed in the business of detecting forgeries, and consequently could not be supposed to have that acuteness which entitles one to the name of an expert. But supposing him to have been an expert, it is easier, in the nature of the thing,' to discover that writing is in an imitated hand, than to ascertain a forgery, by comparing the genuine writing of the person supposed to have written it, with the writing supposed be forged. In an imitated hand there is generally a stiffness, which a very acute observer may perhaps distinguish. But when a writing is forged, the forger will endeavour to conceal his natural hand, so that the difficulty of judging by comparison only, must be very great. Mr. Pleasants had no knowledge, nor did he pretend to form any opinion, but from the naked comparison of hands, and no authority has been shown for the admission of testimony under such circumstances. I am of opinion, therefore, that it ought not to have been admitted. The judgment is to be reversed, and a venire de novo awarded.
Duncan, J. gave no opinion, having been counsel for the defendants in error.
Judgment reversed, and a venire facias de novo awarded,